UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SARAH IANACONE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. EA-24-1255 |
| FREDERICK COUNTY BOARD OF EDUCATION, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Plaintiff Sarah Ianacone filed the instant action against Defendant Frederick County Board of Education on behalf of Frederick County Public Schools on April 29, 2024, alleging two counts of disability discrimination, one count of failure to accommodate, and two counts of retaliation, in violation of Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.*, as amended by the ADA Amendments Act of 2008.  ECF No. 1.  On September 17, 2024, Defendant filed an Answer (ECF No. 10), as well as a Partial Motion to Dismiss (ECF No. 11) challenging Count V of Ms. Ianacone's Complaint (ECF No. 1 at 18). The motion is fully briefed and no hearing is necessary.  ECF Nos. 11, 20, 25; Local Rule 105.6 (D. Md. 2023).  For the reasons set forth below, the motion is denied.

**I.    Background**[1]

In June 2013, Ms. Ianacone began her employment with Frederick County Board of Education as a Personnel Officer (Certification) on the Talent Competency and Leadership Development Team within the Human Resources Department.  ECF No. 1 ¶ 22.  At all relevant

---

[1] This factual summary is drawn from the allegations in the Complaint (ECF No. 1), which are accepted as true for the purposes of deciding this motion. *E.I. du Pont de Nemours & Co.* v. *Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

times, Curtis Scott, a Senior Manager in the Human Resources Department, and Timothy Thornburg, the Director of the Human Resources Department, were Ms. Ianacone's supervisors. *Id.* at ¶¶ 1, 24, 35.  Ms. Ianacone suffers from asthma and fibrous dysplasia, both of which are considered disabilities within the meaning of the ADA.  *Id.* at ¶¶ 16–21.  In October 2020, as a result of the Coronavirus Disease 2019 (COVID-19) pandemic, Ms. Ianacone requested a reasonable accommodation to telework based on her disabilities.  *Id.* at ¶ 31.  Frederick County Board of Education approved this request and subsequent renewed requests, allowing Ms. Ianacone to telework through July 15, 2021.  *Id.* at ¶ 34.

On or around January 7, 2021, Mr. Scott informed Ms. Ianacone that Frederick County Board of Education's Course Approval and Tuition Benefits program may be reassigned to her. *Id.* at ¶¶ 38, 45.  As a result, Ms. Ianacone would be responsible for these new duties in addition to her pre-existing Certification duties, which already required her to work a full schedule of at least 40 hours per week.  *Id.* at ¶ 45.  Mr. Scott neither acknowledged nor addressed the Certification team's lack of resources or how the additional Course Approval and Tuition Benefits program burdens would aggravate Ms. Ianacone's already overextended organization. *Id.*  In response, Ms. Ianacone provided Mr. Scott with a list of concerns about the transition of the Course Approval and Tuition Benefits program to the Certification team.  *Id.* at ¶ 46.  Despite these concerns, in April 2021, Mr. Thornburg and Mr. Scott officially made Ms. Ianacone responsible for the entire Course Approval and Tuition Benefits program in addition to the Certification program, with the assistance of two other employees.  *Id.* at ¶ 47.

Thereafter, Ms. Ianacone continued to express her concerns about successfully managing both the Certification and the Course Approval and Tuition Benefits programs to Mr. Thornburg and Mr. Scott.  *Id.* at ¶ 50.  An email Ms. Ianacone sent to both Mr. Thornburg and Mr. Scott on June 8, 2021, went unanswered.  *Id.* at ¶¶ 54–55.  Eventually, due to the reassignment of the

Course Approval and Tuition Benefits program, its time-sensitive nature, and understaffing issues, the Certification backlog grew. *Id.* at ¶ 56.

In June 2021, Ms. Ianacone requested an extension of her reasonable accommodation to telework. *Id.* at ¶ 60. On August 3, 2021, Gina Keefer, a Senior Manager in the Human Resources Department, denied her request and directed Ms. Ianacone to work on-site beginning August 9, 2021. *Id.* at ¶ 62. Ms. Keefer listed some "essential functions" that purportedly needed to be performed in person but failed to offer Ms. Ianacone any alternative accommodations and failed to explain why the requested accommodation would cause an undue hardship. *Id.* at ¶¶ 63–64. At an unspecified time, Mr. Scott made inappropriate and derogatory comments regarding Ms. Ianacone's reasonable accommodation and complained that she was not in the office enough, as compared to her non-disabled colleague. *Id.* at ¶¶ 35–36.

As a result of Frederick County Board of Education's failure to accommodate Ms. Ianacone, she was forced to take leave under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, from August 23 to November 1, 2021. *Id.* at ¶ 66. On August 31, 2021, Ms. Ianacone filed a Charge of Discrimination (First Charge) with the Equal Employment Opportunity Commission (EEOC) alleging that Frederick County Board of Education subjected her to a disparate workload assignment because of her disability and in retaliation for her requests for reasonable accommodations and failed to provide reasonable accommodations in violation of the ADA. *Id.* at ¶ 68. On September 17, 2021, Mr. Thornburg terminated Ms. Ianacone's employment, citing the Certification backlog as the reason for termination. *Id.* at ¶ 69. On September 21, 2021, Defendant created a post-hoc job description describing the "essential functions" for the position of Personnel Officer (Certification). *Id.* at ¶ 70. From 2013 until her termination, Ms. Ianacone had a stellar performance record. *Id.* at ¶ 29.

On September 22, 2021, Ms. Ianacone filed an amended Charge of Discrimination (Amended Charge) with the EEOC, which included allegations that Frederick County Board of Education had discriminated against her based on her disability and in retaliation for her request for reasonable accommodations when her employment was terminated on September 17, 2021. *Id.* at ¶ 9(b). On August 23, 2023, the EEOC issued a Notice of Right to Sue Letter. *Id.* at ¶ 9(c). Subsequently, Ms. Ianacone and Defendant entered into an agreement tolling the deadline for Ms. Ianacone to file a lawsuit related to her EEOC charge until either May 18, 2024, or 30 days following Ms. Ianacone's receipt of a decision from the Maryland State Board of Education regarding her appeal from Defendant's termination of her employment. *Id.* at ¶ 9(e). On March 26, 2024, the Maryland State Board of Education issued its decision in Ms. Ianacone's appeal, and Ms. Ianacone filed the instant action on April 29, 2024. *Id.* at ¶ 9(f)-(g).

## II.   Standard of Review

The Frederick County Board of Education moves to dismiss Count V of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides that a defendant may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The "purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards* v. *City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). When evaluating a Rule 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences from the facts in favor of the plaintiff to determine if the plaintiff is entitled to the legal remedy sought. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).

The same does not hold true for legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. To determine whether the Rule 8(a)(2) pleading standard is met, the court separates the complaint's legal conclusions from the factual allegations. *A Soc'y Without a Name* v. *Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

A complaint does not need to contain "detailed factual allegations" to satisfy the Rule 8(a)(2) pleading standard, but it must have "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must have "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard falls somewhere in between "probability," which is not required, and "sheer possibility," which is insufficient. *Id.*; *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**III.   Discussion**

Count V alleges retaliation under the ADA for engaging in the protected activities of requesting a reasonable accommodation and filing an EEOC charge. ECF No. 1 ¶¶ 100–106. Frederick County Board of Education argues that Ms. Ianacone failed to exhaust administrative remedies with respect to the retaliation based on filing an EEOC charge because she did not include this allegation in the First or Amended Charge. ECF No. 11-2 at 1, 4–6.[2] In response,

---

[2] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system printed at the top of the cited document.

Ms. Ianacone asserts that her the portion of her retaliation claim based on filing an EEOC charge is reasonably related to the allegations contained in her First Charge. ECF No. 20-1 at 3.

The ADA incorporates the enforcement provisions under Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. § 2000e *et seq.*, including the enforcement provisions set forth in 42 U.S.C. § 2000e-5. 42 U.S.C. § 12117; *Sydnor* v. *Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012) (explaining that the ADA is modeled after Title VII and incorporates its enforcement procedures, including administrative exhaustion). Before filing suit under Title VII, a plaintiff must exhaust their administrative remedies by filing a Charge of Discrimination with the EEOC or appropriate state or local agency. *Fort Bend Cnty., Tex.* v. *Davis*, 587 U.S. 541, 544 (2019). Because Maryland is a deferral state, the time for filing a charge is extended from 180 to 300 days from the alleged unlawful employment practice. *Equal Emp't Opportunity Cmm'n* v. *R&R Ventures*, 244 F.3d 334, 338 n.* (4th Cir. 2001) (citing 42 U.S.C. § 2000e–5(e) & (e)(1)). Each discrete discriminatory or retaliatory act, "such as termination, failure to promote, denial of transfer, or refusal to hire . . . starts a new clock for filing charges alleging that act." *National R.R. Passenger Corp.* v. *Morgan*, 536 U.S. 101, 113-114 (2002).

The administrative exhaustion requirement "is not simply a formality." *Chacko v. Patuxent Inst.,* 429 F.3d 505, 510 (4th Cir. 2005). Instead, filing an EEOC charge "serves a vital function in the process of remedying an unlawful employment practice." *Balas* v. *Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013). This is because an EEOC charge provides notice to the employer and helps effectuate voluntary compliance with the law. *Sydnor*, 681 F.3d at 593. Therefore, the scope of a plaintiff's resulting federal suit is generally "determined by the charge's contents." *Id.* A charge, however, does not strictly limit the claims asserted in a federal suit. *Miles* v. *Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005). As "long as a plaintiff's claims in [the] judicial complaint are reasonably related to [the] EEOC charge and can be expected to

follow from a reasonable administrative investigation, [a plaintiff] may advance such claims in [the] subsequent civil suit." *Sydnor*, 681 F.3d at 594 (internal quotation marks omitted); *see also Chisholm* v. *U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981) (finding exhaustion where both the EEOC Charge and federal Complaint concerned promotion discrimination but described different parts of the promotion system).

Applying these principles to claims of retaliation, the Fourth Circuit Court of Appeals has decided that "a plaintiff may raise the retaliation claim for the first time in federal court." *Nealon* v. *Stone*, 958 F.2d 584, 590 (4th Cir. 1992) (citing decisions of the Second, Fifth, Eighth, and Tenth Circuit Courts of Appeals); *see also Jones* v. *Calvert Grp., Ltd.*, 551 F.3d 297, 304 (4th Cir. 2009), *abrogated on other grounds by Fort Bend Cnty., Tex.*, 587 U.S. 541 (holding that a plaintiff could advance a retaliation claim in federal court "when the claimed retaliation is a continuation of the treatment alleged in the charge"). The Fourth Circuit joined in the decisions of its sister Circuits based on the rationale that this "rule is the inevitable corollary of our generally accepted principle that the scope of a Title VII lawsuit may extend to any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission." *Nealon*, 958 F.2d at 590 (internal quotation marks and citation omitted). *Nealon* and subsequent Circuit Court decisions have explained that "a plaintiff should be excused from exhausting claims alleging retaliation for the filing of a previous EEOC charge largely because such a plaintiff would be expected to be gun shy about incurring further retaliation after an additional EEOC charge and because a second conciliation could not be expected to be any more fruitful than the first." *Jones*, 551 F.3d at 302 (citing *Nealon*, 958 F.2d at 590).

Thus, "the exhaustion analysis regarding post-charge retaliatory acts 'looks primarily to whether an employer was put on notice [of] the claims and allows those claims reasonably

related to the original charge, and those developed by reasonable investigation of that charge.'" *Yampierre* v. *Baltimore Police Dep't*, Civil Action No. ELH-21-1209, 2022 WL 3577268, at *33 (D. Md. Aug. 18, 2022) (quoting *Brooks* v. *United Parcel Serv. Inc.*, Civil Action No. DKC 20-2617, 2021 WL 4339194, at *9 (D. Md. Sept. 23, 2021)).  In practice, "courts will find the exhaustion requirement satisfied so long as the charge refers to the same basic type of discrimination and the same basic fact pattern as in the subsequent federal complaint." *Shigley* v. *Tydings & Rosenberg LLP*, 723 F. Supp. 3d 440, 449 (D. Md. 2024).

Here, Ms. Ianacone's First Charge alleged, among other things, that Frederick County Board of Education subjected her to a disparate workload assignment in retaliation for her requests for reasonable accommodations.  ECF No. 1 ¶ 68.  Her Amended Charge, filed approximately three weeks later, alleged, among other things, that Frederick County Board of Education terminated her employment in retaliation for her request for reasonable accommodations.  *Id.* at ¶ 9(b).  Ms. Ianacone's allegation in Count V that her employer retaliated against her for filing an EEOC complaint is reasonably related to her retaliation allegations filed with the EEOC.  *E.g.*, *Suggs* v. *7-Eleven, Inc.*, Civil Action No. DKC-14-1903, 2015 WL 3891949, at *12 (D. Md. June 23, 2015) (finding exhaustion where the plaintiff alleged that his employer "retaliated against him for filing his initial EEOC charges, and then retaliated against him again for filing this action in federal court based on his initial EEOC charges").  Although Ms. Ianacone's Amended Charge did not include an allegation that she experienced retaliation for filing the initial EEOC charge, Frederick County Board of Education was on notice of this claim as it reasonably relates to the retaliatory conduct to which plaintiff was allegedly subjected between January and August 2021.  As this Court has previously recognized, "an act committed by an employer in retaliation for the filing of an EEOC complaint is reasonably related to that complaint, obviating the need for a second EEOC complaint."

*Yampierre*, 2022 WL 3577268, at *33 (quoting *Brown* v. *Hartshorne Public Sch. Dist. No. 1*, 864 F.2d 680, 682 (10th Cir. 1988)).  Accordingly, the administrative exhaustion requirement for Count V of Ms. Ianacone's Complaint is satisfied.

## IV. Conclusion

For the foregoing reasons, Frederick County Board of Education's partial motion to dismiss (ECF No. 11) is denied.  Pursuant to this Court's Order dated October 30, 2024, a joint status report is due by March 31, 2025.  ECF No. 24.  A separate Order will follow.

Date: February 24, 2025                             /s/
                                                                Erin Aslan
                                                                United States Magistrate Judge